# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 20, 2006

127488

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

FIRAS QARANA,
         Plaintiff-Appellee,

v

NORTH POINTE INSURANCE COMPANY,
         Garnishee Defendant-Appellant.

SC: 127488
COA: 244797
Oakland CC: 00-022528-NI

_____/

On December 15, 2005, the Court heard oral argument on the application for leave to appeal the October 14, 2004 judgment of the Court of Appeals. On order of the Court, pursuant to MCR 7.302(G)(1), the application for leave to appeal is again considered, and it is DENIED, because we are not persuaded that the questions presented should now be reviewed by this Court.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent from the decision to deny leave to appeal. I would grant leave in this jurisprudentially significant case that implicates concerns such as those we recently addressed in *Rory v Continental Ins Co*, 473 Mich 457 (2005).

This garnishment case arises out of plaintiff's suit alleging assault and battery and premises liability involving an incident that occurred at the Royal Oak Music Theater, which was owned by Paragon Investment Company. North Pointe Insurance Company had issued a general liability insurance policy to Paragon. Upon receipt of Paragon's claim involving plaintiff, North Pointe assigned counsel to represent Paragon in the suit. Paragon's policy with North Pointe contained a clause stating that if Paragon was sued, then Paragon "must," among other things, "[c]ooperate with us in the investigation or settlement of the claim or defense against the 'suit.'" Section IV(2)(c)(3). To "cooperate" means "to work or act together or jointly for a common purpose or benefit," and "to work or act with others willingly and agreeably." *Random House Webster's College Dictionary* (2001). Despite Paragon's express duty to cooperate, however, Paragon failed to assist North Pointe in defending the suit. Specifically, Paragon failed to

provide a list of the names of all employees and other witnesses that had knowledge of the incident, despite counsel's repeated requests.

In August 2000, Paragon filed for Chapter 7 bankruptcy and, as a result of the automatic stay provision of the United States Bankruptcy Code, the proceedings in this suit were temporarily stayed. In October 2000, the stay was lifted and the case proceeded. Even after the case proceeded, however, Paragon showed no interest in defending the suit. It continued to ignore counsel's requests to answer interrogatories, even after the trial court granted plaintiff's motion to compel answers to the interrogatories.

When Paragon failed to answer the interrogatories by the date ordered by the court, plaintiff moved for a default. Counsel notified Paragon that he was going to seek to withdraw as its counsel, and then obtained permission from the court to do so. The court gave Paragon 30 days to obtain new counsel, and stated that Paragon would be defaulted if it did not answer the interrogatories by a set date. Paragon failed to answer the interrogatories and, in fact, never appeared at a subsequent evidentiary hearing. The trial court entered a default judgment of $85,846 in plaintiff's favor.

Plaintiff then filed a request for a writ of garnishment against North Pointe, alleging that the policy obligated it to pay on Paragon's behalf the judgment he had received. North Pointe moved for summary disposition under MCR 2.116(C)(1), asserting that it was not liable because Paragon had breached the cooperation clause by failing to assist North Pointe in defending the underlying suit. Plaintiff also moved for summary disposition under MCR 2.116(C)(9) and (10).

The trial court granted North Pointe's motion, and denied plaintiff's motion. It held that: (1) Paragon's breach of the cooperation clause constituted a valid defense to payment under a nonmandatory indemnity policy; (2) Paragon "completely failed to cooperate with its defense," even though North Pointe tried to obtain Paragon's cooperation; and (3) North Pointe was materially prejudiced by Paragon's noncooperation that resulted in a default judgment being entered against Paragon.

Plaintiff appealed to the Court of Appeals, which reversed and remanded for further proceedings. The panel applied this Court's governing principle that an insurer must prove the insured's lack of cooperation and that the insured's noncooperation actually prejudiced the defense. *Allen v Cheatum*, 351 Mich 585, 595 (1958). It concluded, however, that reasonable minds could differ regarding whether North Pointe's efforts to secure Paragon's cooperation in defending the underlying action had been diligent and whether the defense was prejudiced by Paragon's noncooperation.

I question the propriety of rewriting the insurance contract to impose a duty of diligence on the insurer when no such requirement existed under the plain language of the

contract. The contract language affirmatively required Paragon to cooperate in the defense of the suit. Despite Paragon's duty, however, the record reflects it took no action to assist North Pointe in defending the suit. While counsel attempted contacts with Paragon's agents on numerous occasions from May 2000 to January 2001, they did not respond, much less "cooperate." Paragon failed to provide a list of the names of all employees and other witnesses to the incident, despite counsel's requests. Paragon also failed to answer interrogatories, again despite counsel's repeated requests. Moreover, the trial court granted plaintiff's motion to compel answers to the interrogatories. Again, Paragon never answered. North Pointe should not be held responsible for Paragon's failure to cooperate and complete disregard of counsel's attempts to seek cooperation.

Moreover, I question the continuing validity of *Allen, supra*, especially following this Court's decision in *Rory, supra*. Although the Court in *Allen* held that an insurer must show prejudice, the Court did not apply contract principles to reach its conclusion and, instead, formulated a rule that was applicable only to insurance contracts. This is entirely inconsistent with our recent holding in *Rory* that insurance policies are to be enforced the same as any other contract, according to their language, unless they violate the law or unless one of the traditional contract defenses such as fraud, duress, waiver, or unconscionability are proven. *Rory, supra*, at 461, 491. It is also inconsistent with our holding in *Rory* that courts do not have the authority to modify unambiguous contracts or rebalance the contractual equities struck by the parties. *Id.* at 461. I would thus grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 20, 2006

_____
Clerk

p0117